UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Case No.: 8:18-bk-02807-RCT
                                                Chapter 7
Mark Alan Piburn
Judith Ann Piburn

Debtor.
_____

MOTION TO SELL REAL PROPERTY AND
PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(2690 Alturas Road, Bartow, FL 33830)

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M. Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703, and any other appropriate persons within the time allowed.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

COMES NOW Stephen L. Meininger, Chapter 7 Trustee, by and through the undersigned

counsel, and hereby moves for authority to sell certain improved real property, to pay secured

creditors and transactional costs, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On April 09, 2018, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Stephen L. Meininger was appointed Chapter 7 trustee (the "Trustee").

6. The Debtor owns real property, by virtue of a deed, located at 2690 Alturas Road, Bartow, FL 33830, more particularly known as:

Lot 15 and that part of vacated Paseo Palma lying within the extended bounds of Lot 15 and the Southwesterly 1/2 of vacated Lillian Street lying Northeasterly of and adjacent to said Lot 15 and its extended boundaries and lying 40 feet South of the centerline for County Road 655A, ROTHROCK'S SUBDIVISION, according to the map or plat thereof as recorded in Plat Book 5, Page 50, of the Public Records of Polk County, Florida, lying in Section 9, Township 30 South, Range 26 East, Polk County, Florida.

 (hereinafter the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is clouded as follows:

    a. a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for SunTrust Mortgage, Inc. dated October 23, 2007, and recorded in O.R. Book

7545, Page 995, and assigned to SunTrust Mortgage, Inc. by assignment recorded in O.R. Book 10437, Page 1670, Public Records of Polk County, Florida.  (the "Secured Creditor" or "SunTrust Mortgage");

b.  a Lis Pendens recorded in O.R. Book 10552, Page 721, Public Records of Polk County, Florida, in that certain Case No. 2018-CA-2769 in the Circuit Court of Polk County, Florida (and filed by SunTrust Mortgage).

8.  The Trustee has accepted an offer from the Trustee of the Colgan Living Trust (the Buyer(s)) to purchase the Property for the gross sale price $ 95,000.00 (which includes a 11 U.S.C. § 506(c) surcharge (or, "carve out") of $ 4,750.00, subject to the approval of the Secured Creditor and the court, as payment in full.  The Trustee believes it is a fair offer for the current economy, the condition of the Property, and the length of time the Property has remained on the market.

9.  Any current real property taxes will be paid prorated.

10. The gross sale price of $ 95,000.00, net the closing costs is estimated to be enough to satisfy the outstanding lien, as agreed to by the Secured Creditor, that encumber the property and net the estate at least $ 4,750.00.  If the Secured Creditor no longer consent to their proposed treatment they are hereby on notice that they need to object to the proposed sale of the Property.

11. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit A.

**<u>AUTHORITY TO SELL</u>**

12. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

## **CONCLUSION**

13. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the gross sum of $ 95,000.00 in exchange for estate's interest in the Property.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the estate's interest in the Property including without limitation, executing a deed conveying the interests of the Debtor to the Buyer, or its assigns, or ultimate purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

Total Sales/Brokers Commission:
5% of base sale price to Charles Rutenburg Realty          $ 5,700.00*
*this commission is intended to be shared with a cooperating agent.
   Title Charges:                                          $ 1,670.25
   Government recording / transfer charges:                 $ 774.00
   Satisfaction of Liens:
      Ocwen                                               $ 80,843.85
   Municipal Lien Search Fee:                               $ 400.00**
** these amounts represent estimations.

The above anticipated closing costs and taxes are subject to per diem charges, changes in

prorations, and otherwise represent approximate amounts.  The Trustee seeks authority to pay

these amounts, or their reasonable equivalent amounts, to the respective payees depending on the

subjective per diem alteration, and

   D.  Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.
Leavengood, Dauval, Boyle & Meyer, P.A.
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328 x303

## CERTIFICATE OF SERVICE

I certify that on April 29, 2019, a true and correct copy of the foregoing was provided by
U.S. mail and/or electronic delivery to: U.S. Trustee, USTPRegion21.TP.ecu@usdoj.gov;
Mark & Judith Piburn, PO Box 241, Alturas, FL 33820; Thomas Pulliam, Esq.,
pulliamaty@aol.com


and all parties of interest that have filed a proof of claim in this case or filed a notice of
appearance pursuant to Rule 2002-1(c) on this April 29, 2019.

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.