ORDERED.

**Dated: May 31, 2019**

Roberta A. Colton
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No.: 8:18-bk-02807-RCT
                                                          Chapter 7
Mark Alan Piburn
Judith Ann Piburn

        Debtor(s).
_____/

ORDER GRANTING MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(2690 Alturas Road, Bartow, FL 33830)

        THIS CASE came on for consideration of Chapter 7 Trustee, Stephen L. Meininger's

("Trustee") *Motion to Sell Real Property and Pay Secured Creditor(s) and Transactional Costs*

(the "Motion") (Doc. #30). No responses or objections were filed. This Court having considered

the Motion, together with the record and the fact that no party in interest filed a response to the

Motion within the 21 days allotted from service as pursuant to Local Rule 2002-04, finds that it is

appropriate to enter an order granting the Motion. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

        1.      The notice of the Motion is approved as proper and adequate under the

circumstances.

        2.      The Motion is GRANTED and the sale to the Trustee of the Colgan Living Trust,

or their assigns, or ultimate purchaser ("Buyer(s)"), is approved as the highest and best offer.

3.    The Trustee is authorized to sell the real property located at 2690 Alturas Road,

Bartow, FL 33830, and more specifically known as:

Lot 15 and that part of vacated Paseo Palma lying within the extended bounds of Lot 15 and the
Southwesterly 1/2 of vacated Lillian Street lying Northeasterly of and adjacent to said Lot 15 and
its extended boundaries and lying 40 feet South of the centerline for County Road 655A,
ROTHROCK'S SUBDIVISION, according to the map or plat thereof as recorded in Plat Book 5,
Page 50, of the Public Records of Polk County, Florida, lying in Section 9, Township 30 South,
Range 26 East, Polk County, Florida.

(the "Real Property"),

to Buyer(s) for the purchase price of $95,000.00 (inclusive of the $4,750.00 subject to the

written consent of lienholder SunTrust Mortgage, Inc. (hereinafter, "SunTrust Mortgage"), as

specifically identified and described in the Motion.

4.    The Trustee is authorized to pay, as further authorized in paragraph 6 below, the

following undisputed liens or claims at closing of the sale:

SunTrust Mortgage                        $ 80,843.85

5.    The Trustee is authorized to execute any such releases, termination statements,

assignments, consents or instruments for the benefit of any third party, including the holders of

any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or

appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to

execute the purchase agreement, or other related documents that are reasonably necessary or

appropriate to complete the sale, and to undertake such other actions as may be reasonably

necessary or appropriate to complete the sale.

6.    The Trustee, and any escrow agent upon the Trustee's written instruction, shall be

authorized to make such disbursements on or after the closing of the sale as are required by the

purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real

property taxes and outstanding post-petition real property taxes pro-rated as of the closing with

respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 5% of base sale price to Keller Williams Realty | $ 5,700.00* |

*this commission is intended to be shared with a cooperating agent.

| | |
|---|---|
| Title Charges: | $ 1,670.25 |
| Government recording / transfer charges: | $ 774.00 |
| Satisfaction of Liens: | |
| Ocwen | $ 80,843.85 |
| Municipal Lien Search Fee: | $ 400.00** |

** these amounts represent estimations.

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above and in paragraph 4 so long as they are within industry standard.

7.      Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

8.      This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

9.      The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

10.      The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be

effective and enforceable immediately upon entry.


Attorney, Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.